UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES JOSEPH AHEARN,

    Plaintiff,

v.                                      Case No.: 2:19-cv-00397-JLB-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

This cause comes before the Court upon review of the Report and Recommendation issued by the Magistrate Judge on September 15, 2020 (Doc. 24), the Objections to the Magistrate Judge's Report and Recommendation filed by the Plaintiff on September 25, 2020 (Doc. 25), and the Response to Plaintiff's Objections filed by the Commissioner of Social Security ("Commissioner") on October 7, 2020 (Doc. 26).

### BACKGROUND

Plaintiff James Joseph Ahearn filed a complaint on June 12, 2019 seeking judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's decision denying his claim for Social Security disability benefits. The Magistrate Judge has recommended that the Commissioner's decision be affirmed. (Doc. 24.) Among the issues raised by Plaintiff in his brief before the Magistrate Judge and in his

Objections before this Court is an Appointments Clause challenge: whether a reversal of the Commissioner's adverse decision is required because the presiding Administrative Law Judge (ALJ) was not properly appointed under the United States Constitution and therefore lacked the legal authority to hear the case.  The Commissioner has argued in response that Plaintiff cannot raise an Appointments Clause challenge in federal court without first having exhausted that claim before the agency.  The appellate courts have split on the administrative exhaustion question raised by the Commissioner, and the Magistrate Judge recommends that the Court adopt the approach taken by the Eighth and Tenth Circuits, both of which sided with the Commissioner in rejecting an Appointment Clause challenge that the social security claimant did not raise before the ALJ, on the grounds of failure to exhaust administrative remedies.  Plaintiff, on the other hand, urges the Court to adopt the view of the Third and Sixth Circuits, which have held that administrative exhaustion before the ALJ was not required for an Appointments Clause challenge in the social security context.  Plaintiff also points out that the administrative exhaustion question currently is pending before the Eleventh Circuit in two unrelated social security appeals.  Although Plaintiff did not identify the two appeals in question, the Court believes Plaintiff is referencing <u>Perez v. Commissioner of Social Security</u>, Appeal No. 19-11660 (filed Apr. 29, 2019), and <u>Lopez v. Acting Commissioner of the Social Security Administration</u>, Appeal No. 19-1174 (filed May 3, 2019).  While Plaintiff has suggested that, "in the interests of judicial economy," the Court should wait to rule upon his Objections until after the

Eleventh Circuit issues a ruling in Perez and/or Lopez, he has not moved the Court for a stay of the case.

## DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. Am. Water Works & Elec. Co., 299 U.S. 248, 254 (1936). In Miccosukee Tribe of Indians v. S. Fla. Water, 559 F.3d 1191, 1196 (11th Cir. 2009), the Eleventh Circuit addressed the propriety of a federal district court's discretionary stay where the stay was entered "pending the outcome of other litigation in federal district court—the appeal of a lawsuit filed in the same district court." The court noted that "[t]he Southern District of Florida simply had two lawsuits raising some potentially dispositive issues common to both. After one judge entered judgment in the case before her, the second judge stayed her case to await the outcome of an appeal of that final judgment." Id. The Eleventh Circuit, finding that the stay was entered to avoid duplicative litigation, id., stated that "the reason for the district court's stay was at least a good one, if not an excellent one: to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case," id. at 1198. While a stay of indefinite duration might constitute an abuse of discretion, a "delay not immoderate in extent and not oppressive in its consequences" is justified "if the public welfare or convenience will thereby be promoted." Landis, 299 U.S. at 256.

In an effort to preserve judicial resources and to avoid inconsistent results, the Court proposes a stay of the case until such time as the Eleventh Circuit has ruled on the pending appeals in <u>Perez</u>, <u>Lopez</u>, or any other case raising the administrative exhaustion issue before the court in those two appeals.  The Court notes that <u>Perez</u> and <u>Lopez</u> have already been fully briefed and currently are slated for oral argument before the Eleventh Circuit less than two weeks from now.  Given the impact the Eleventh Circuit's ruling in those appeals is likely to have on this case, the Court is persuaded that the prudent and most efficient course would be to enter a temporary stay of this action.  <u>See, e.g.</u>, <u>Glover v. LM Gen. Ins. Co.</u>, No. 19-21900-CIV, 2019 WL 7945690 (S.D. Fla. Dec. 4, 2019); <u>Barr v. Futuredontics, Inc.</u>, No. 13-61982-CIV, 2014 WL 12770094 (S.D. Fla. Feb. 14, 2014); <u>Suite 225, Inc. v. Lantana Ins., Ltd.</u>, No. 12-80409, 2013 WL 12171122 (S.D. Fla. Jan. 29, 2013); <u>Palma v. Safe Hurricane Shutters, Inc.</u>, No. 07-22913-CIV, 2009 WL 1424172 (S.D. Fla. May 20, 2009).

Accordingly, it is hereby **ORDERED** that:

1. The parties shall submit a statement on or before October 23, 2020 setting forth their position on whether Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 25) should be held in abeyance and the case stayed pending the Eleventh Circuit's disposition of the administrative exhaustion question in <u>Perez</u>, <u>Lopez</u>, or any other case that is currently on appeal before that Court.

2. Failure to comply with this order may result in a stay being entered without further notice.

**ORDERED** in Fort Myers, Florida, on October 16, 2020.

*John L. Badalamenti*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE